**Affirmed in Part, Reversed and Remanded in Part, and Opinion filed November 29, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00846-CV

---

### HMT TANK SERVICE LLC AND HMT LLC D/B/A AND F/K/A HMT, INC., Appellants

### V.

### AMERICAN TANK & VESSEL, INC., Appellee

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2017-36482**

---

## O P I N I O N

Appellants, HMT Tank Service LLC ("HMT Service") and HMT LLC d/b/a and f/k/a HMT, Inc. ("HMT"), challenge the dismissal of their declaratory judgment claims against appellee, American Tank & Vessel, Inc. ("ATV"). Appellants sought a declaration that they did not owe defense or indemnity to ATV for ATV's potential liability to a third party. ATV moved to dismiss the lawsuit for two alternative reasons: (1) as to HMT Service, the declaratory judgment claim had no basis in law

or fact because HMT Service was not a party to the relevant agreement; or (2) as to both appellants, a contractual forum-selection clause confined the subject litigation's venue to Mobile County, Alabama. The trial court granted the motion to dismiss without stating reasons and awarded attorney's fees and costs to ATV.

For the following reasons, we conclude that appellants have not shown reversible error as to the order dismissing their declaratory judgment claims, and therefore we affirm that portion of the judgment. However, appellants have shown reversible error with respect to the award of attorney's fees and costs to ATV, and we reverse that portion of the judgment and remand for a re-determination of attorney's fees and costs consistent with our opinion.

## Background

HMT Service filed the present lawsuit against ATV. Though HMT Service was the sole plaintiff initially, appellants later filed an amended petition adding HMT as a plaintiff as well. The following facts are alleged in the amended petition.

HMT entered into a purchase order agreement with ATV (the "Purchase Order") by which ATV purchased certain seals to be installed on tanks located at Kinder Morgan's Geismar Methanex Terminal. An annual inspection revealed "gapping issues" relating to some of the seals. A subsequent investigation determined that ATV's improper installation caused certain seals to fail. ATV hired HMT Service to provide technical support for the reinstallation of the seals to meet regulatory compliance.

Kinder Morgan notified ATV of its intent to assert claims against ATV for breach of contract and breach of warranty because of the seal failures. Consequently, ATV demanded that HMT Service defend and indemnify ATV against Kinder Morgan's potential claims.

2

Meantime, ATV initiated legal proceedings in Mobile, Alabama. There ATV filed suit against HMT only, alleging that HMT breached the Purchase Order and seeking, among other things, a declaratory judgment that HMT must defend ATV against Kinder Morgan's claims and indemnify ATV for any judgment in Kinder Morgan's favor.[1]

In the present lawsuit, appellants asserted a single cause of action for declaratory judgment that neither of them owed a duty to defend or indemnify ATV for its potential liability to Kinder Morgan arising from or related to the seals purchased under the Purchase Order. *See* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011 (the "UDJA"). Appellants also sought reasonable and necessary attorney's fees and costs under section 37.009.

ATV answered with a general denial and affirmative defenses. ATV asserted that HMT Service lacked the legal capacity to request declaratory relief because it was not a party to the Purchase Order. Attaching a copy of the Purchase Order to its answer, ATV alleged that the Purchase Order was between ATV and HMT only. ATV also specifically denied that Harris County is the proper venue for the cause of action because the Purchase Order contains a forum-selection clause requiring venue in Mobile, Alabama.

---

[1] The parties disagree whether ATV demanded defense and indemnity from HMT Service only, HMT only, or both. Our record does not contain copies of any demand letters. On appeal, ATV contends that it seeks defense and indemnity solely from HMT but at least acknowledges lack of clarity because it addressed its initial demand letter to HMT Service and, in subsequent correspondence supplementing the demand, HMT Service "may have been inadvertently referenced." For our purposes the question is immaterial because, for reasons stated below, we must accept appellants' allegations in their pleading as true. Therefore, we assume that ATV demanded defense and indemnity from HMT Service, and we further assume ATV sued HMT for defense and indemnity in Alabama, because those facts are alleged.

3

ATV also filed a motion to dismiss (styled "Rule 91a Motion to Dismiss") and a supplement thereto. ATV sought dismissal because: (1) first, under rule 91a, HMT Service was not a party to the Purchase Order and thus had no "legal right" to seek a declaration of rights under a contract to which it was not a party; and (2) alternatively, any action related to the seals was subject to the Purchase Order's forum-selection clause, which mandated venue in courts serving Mobile County, Alabama. ATV additionally sought its reasonable and necessary attorney's fees and costs, including appellate fees.

Appellants filed a response to ATV's motion to dismiss. Appellants argued that dismissal under rule 91a was improper because their claim for declaratory relief had a sufficient basis in law and fact. Specifically, appellants asserted that a justiciable controversy empowered the trial court to declare the parties' rights because ATV sought defense and indemnity from both HMT Service and HMT and a declaration would resolve the dispute. Additionally, regarding the forum-selection issue, appellants urged that "Rule 91a is an improper vehicle for ATV to seek enforcement of an alleged forum selection clause" because the only relevant inquiry in a rule 91a motion "is to determine if [appellants]' allegations, taken as true, show that the relief sought has some basis in law and fact." Appellants also asserted that "the relevant contract did not contain a forum-selection clause, [and] ATV's forum selection issue can be determined later in this case but not at this stage . . . ."

ATV filed a reply in support of its motion to dismiss. Among other things, ATV reiterated "that enforcement of the forum-selection clause was in the alternative to arguments made under Rule 91a." ATV requested the trial court to treat ATV's motion as a combined or "hybrid" motion to dismiss.

After a non-evidentiary hearing, the trial court granted ATV's motion and dismissed appellants' declaratory judgment claims. The order does not specify the

ground or grounds upon which it relied upon in dismissing the suit. ATV later submitted evidence of its attorney's fees and costs, and the trial court subsequently signed a final judgment, which ordered that appellants take nothing and awarded ATV $24,228.27 in attorney's fees and costs as well as additional amounts in conditional appellate attorney's fees.

This appeal timely followed.

## Nature of ATV's Motion to Dismiss

We first address a threshold procedural question the parties dispute: whether ATV sought dismissal pursuant to rule 91a only. Appellants argue that dismissal is error under a rule 91a analysis because HMT Service's declaratory judgment claim has a basis in law and fact; and further, dismissal is error on forum-selection grounds because rule 91a is not a proper procedural vehicle to enforce a contractual forum-selection clause. ATV responds that its motion was not limited to rule 91a grounds, and that it prevails on both issues in all events.

Rule 91a's purpose is to allow for dismissal of a cause of action that has "no basis in law or fact" on motion and without hearing evidence. Tex. R. Civ. P. 91a.1 & cmt. In assessing dismissal under the rule, courts consider the petition and any exhibits permitted under Texas Rule of Civil Procedure 59, assume the truth of the plaintiff's allegations, and do not consider evidence. *See* Tex. R. Civ. P. 91a.1, 91a.6; *Cooper v. Trent*, No. 14-17-00017-CV, 551 S.W.3d 325, 329 (Tex. App.—Houston [14th Dist.] May 1, 2018, pet. filed); *Estate of Savana*, 529 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

The rule is, however, "in addition to, and does not supersede or affect, other procedures that authorize dismissal." Tex. R. Civ. P. 91a.9. One such additional

5

procedure for dismissal applies when parties invoke contractual forum-selection clauses. A "motion to dismiss is the proper procedural mechanism for enforcing a forum-selection clause that a party to the agreement has violated in filing suit." *Deep Water Slender Wells, Ltd. v. Shell Int'l. Expl. & Prod., Inc.*, 234 S.W.3d 679, 687 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *In re AIU Ins. Co.*, 148 S.W.3d 109, 111-21 (Tex. 2004) (orig. proceeding); *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2005, no pet.)). A party seeking to enforce a forum-selection clause bears the initial burden of establishing the existence of a valid agreement to an exclusive forum and that the agreement applies to the claims involved. *See Phoenix Network Techs.*, 177 S.W.3d at 611-12 & n.6; *see also Lujan v. Alorica*, 445 S.W.3d 443, 448 (Tex. App.—El Paso 2014, no pet.). When a party seeks to enforce a contractual forum-selection clause against a non-signatory to the contract, that party bears the further burden of proving the theory upon which it relies to bind the non-signatory to the contract. *Lujan*, 445 S.W.3d at 448 (citing *CNOOC Se. Asia Ltd. v. Paladin Res. (SUNDA) Ltd.*, 222 S.W.3d 889, 894-95 (Tex. App.—Dallas 2007, pet. denied)); *see also Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 443-47 (Tex. 2017) (discussing various situations in which a non-party may be bound by a forum-selection clause). Once the party seeking to enforce the forum-selection clause makes these initial showings, the burden shifts to the party opposing the forum-selection clause to make a "strong showing" overcoming the prima facie validity of the forum-selection clause. *See Phoenix Network Techs.*, 177 S.W.3d at 611.

Thus, given that attempted enforcement of a forum-selection clause involves an evidentiary showing by one or multiple parties, we agree with appellants (and sustain their second issue in part) that generally rule 91a is not an appropriate

procedural vehicle to seek dismissal of a claim based on a forum-selection clause.[2] Rather, a general motion to dismiss is a proper mechanism, as courts have held. *In re AIU Ins. Co.*, 148 S.W.3d at 111-21; *Deep Water*, 234 S.W.3d at 687. The parties have not cited, nor have we found, any cases in which rule 91a has been used successfully to dismiss a cause of action based on a contractual forum-selection clause.

Relying on the caption of ATV's motion—entitled "Rule 91a Motion to Dismiss"—appellants argue that ATV based its motion exclusively on rule 91a and we are thus constrained to rule 91a in analyzing the dismissal order's propriety. We disagree because a motion's character is not judged solely by its title. *See Cohen v. Landry's Inc.*, 442 S.W.3d 818, 823 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("The nature of a motion is determined by its substance, not its title or caption."); *see also* Tex. R. Civ. P. 71 ("When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."). This principle applies to motions to dismiss. *See AC Ints., L.P. v. Tex. Comm'n on Env'l Quality*, 543 S.W.3d 703, 706 (Tex. 2018) (treating purported rule 91a motion to dismiss premised on matters of statutory construction as "general motion to dismiss or dilatory plea"); *Thibodeau v. Lyles*, — S.W.3d—, No. 14-17-00028-CV, 2018 WL 3847922, at *1-2 (Tex. App.—Houston [14th Dist.] Aug. 14, 2018, no pet.) (construing motion to dismiss according to its substance); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822-23 & n.1 (Tex. App.—Austin 2017, no pet.) (treating a rule 91a motion as a plea to the jurisdiction). Accordingly, "courts should acknowledge the substance of the relief sought despite the formal styling of the pleading." *Ryland Enter., Inc. v. Weatherspoon*, 355

---

[2] As the pleadings do not raise the question, we do not address whether rule 91a may support dismissal on forum-selection grounds if the plaintiff's petition alleges facts conclusively establishing the existence and applicability of a contractual forum-selection clause.

S.W.3d 664, 666 (Tex. 2011) (per curiam) (citing *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980)).

The substance of ATV's motion to dismiss, supplement, and reply reveals the following. Despite the motion's title, ATV asserted two distinct arguments: one seeking dismissal of HMT Service's claim under rule 91a, and another seeking dismissal of both appellants' claims based on the forum-selection clause. For example, the motion states:

> Simply put, and simply disposed, rule 91a prevents Plaintiff from continuing in this cause of action that has no basis in law or fact. Thus, this action by HMT Tank Service, LLC must be dismissed.
>
> *Alternatively, to the extent Plaintiff were to somehow show it is the proper party to seek declaratory relief under a purchase order to which it is not a party, the terms and conditions of the purchase order require any such action to be brought in the courts serving the county of Mobile, Alabama Accordingly, even if Plaintiff is a proper party, the instant action must be dismissed.*

(emphasis added). As this excerpt indicates, ATV asserted its forum-selection arguments in the alternative to its rule 91a arguments. ATV also cited this court's *Deep Water* decision, which applies to general motions to dismiss on forum-selection grounds and did not apply rule 91a. Moreover, the motion's overall structure supports a reasoned conclusion that the forum-selection arguments were an alternative to the rule 91a arguments. In section "A" of the motion, ATV argues that HMT Service's claim has no basis in law or fact under rule 91a. Separately, in section "B," ATV argues that the forum-selection clause requires dismissal of HMT Service's claims.[3] In section "B," ATV does not cite rule 91a or assert that HMT Service's claim lacks any basis in law or fact. ATV reinforced the separate nature

---

[3] ATV also sought to dismiss HMT's claim on forum-selection grounds, as explained in ATV's supplement to its motion to dismiss.

of its forum-selection argument in its reply, which expressly stated that those arguments are in the alternative to rule 91a and its motion was a "hybrid or combined" motion.

As the record indicates, ATV sought dismissal relief based on rule 91a but also sought relief untethered to rule 91a. In short, ATV's request to dismiss HMT Service's claim was based on rule 91a and forum-selection grounds; ATV's request to dismiss HMT's claim was limited to forum-selection grounds.[4] Because substance controls, we conclude that ATV's motion to dismiss invoked rule 91a procedure in seeking dismissal of HMT Service's claim on grounds it lacked basis in fact or law, and the motion invoked general dismissal procedure in seeking dismissal of both appellants' claims on forum-selection grounds. *See, e.g.*, *AC Ints., L.P.*, 543 S.W.3d at 706; *Thibodeau*, 2018 WL 3847922, at *1-2; *see also Ryland Enter.*, 355 S.W.3d at 666; *Heard*, 603 S.W.2d at 833.[5]

The challenged order does not specify the ground on which the trial court relied, and appellants attack both grounds on appeal. We address each ground because doing so is necessary to final disposition. Tex. R. App. P. 47.1.

---

[4] ATV did not seek rule 91a relief against HMT's declaratory judgment claim. ATV acknowledged that HMT is a party to the Purchase Order and is thus a "proper party" to this lawsuit.

[5] In their reply brief, appellants contend that ATV is attempting to "re-cast its Rule 91a Motion to Dismiss as a common law motion to dismiss to enforce a forum selection clause" for the first time on appeal and that allowing it to do so unfairly prejudices them. However, ATV requested dismissal on alternative forum-selection grounds consistent with *Deep Water* in its initial motion. In its reply, ATV also requested the trial court to treat its motion to dismiss as a hybrid or combined motion.

## Rule 91a

In its first issue, HMT Service contends the trial court erred to the extent it dismissed HMT Service's declaratory judgment claim under rule 91a. HMT Service urges that its declaratory judgment claim has a sufficient basis in law and fact. *See* Tex. R. Civ. P. 91a. We agree.

As specified in rule 91a, a cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. Tex. R. Civ. P. 91a.1. A cause of action has no basis in fact if "no reasonable person could believe the facts pleaded." Tex. R. Civ. P. 91a.1. A rule 91a motion to dismiss must identify each cause of action to which it is addressed and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. Tex. R. Civ. P. 91a.2. ATV's motion to dismiss clearly sought rule 91a relief as to HMT Service. The motion cited the rule, identified the cause of action to which it was addressed (declaratory judgment), and specifically stated the asserted reason why that claim had no basis in law or fact: HMT Service was not a party to the Purchase Order and thus lacked the "legal right" to seek declaratory relief. *See* Tex. R. Civ. P. 91a.2.

We review de novo a trial court's ruling on a rule 91a motion. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (quoting Tex. R. Civ. P. 91a.6); *see also Tony's Barbeque & Steakhouse, Inc. v. Three Points Invs., Ltd.*, 527 S.W.3d 686, 695 (Tex. App.—Houston [14th Dist.] 2017, no pet.). We look solely to the pleading and any attachments to determine whether the dismissal standard is satisfied. *Estate of Savana*, 529 S.W.3d at 592; *Wooley*, 447 S.W.3d at 76. To determine if the cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the petition. *Wooley*, 447 S.W.3d at 76.

Under the UDJA, a person[6] whose rights, status, or other legal relations are affected by a contract may have a court determine any question of construction or validity arising under the contract and may obtain a declaration of rights under that instrument. *See* Tex. Civ. Prac. & Rem. Code § 37.004(a). The UDJA's purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *See id.* § 37.002(b). The act "is to be liberally construed and administered." *Id.* The critical requirements to obtain a declaratory judgment are the existence of a justiciable controversy as to the rights and status of the parties that the declaration sought will resolve. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *Drexel Corp. v. Edgewood Dev., Ltd.*, 417 S.W.3d 672, 674-75 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Village of Tiki Island v. Premier Tierra Holdings, Inc.*, —S.W.3d—, No. 14-18-00014-CV, 2018 WL 33522235, at *4 (Tex. App.—Houston [14th Dist.] July 10, 2018, no pet. h.). A justiciable controversy involves a real and substantial dispute including a genuine conflict of tangible interests, rather than merely a theoretical disagreement. *See Village of Tiki Island*, 2018 WL 33522235, at *4.

HMT Service's allegations in the amended petition present a justiciable controversy. Liberally construing the amended petition and assuming its allegations as true,[7] ATV demanded that HMT Service defend and indemnify ATV against Kinder Morgan's claims arising from the alleged seal failures. Faced with this demand, HMT Service sought a declaration that it owed neither defense nor indemnity obligations to ATV for any third-party claims arising out of the purchase of the seals or their alleged failures. Based on these allegations, we conclude that

---

[6] A "person" includes corporations of any character. Tex. Civ. Prac. & Rem. Code § 37.001.

[7] *See Wooley*, 447 S.W.3d at 76.

HMT Service articulated a live controversy that could be resolved by a judicial declaration. *See, e.g.*, *Drexel Corp.*, 417 S.W.3d at 674-75 (demand letter asserting that party owed obligation created live controversy that could be resolved by declaratory judgment); *Mackie v. Guthrie*, 78 S.W.3d 462, 466-67 (Tex. App.—Tyler 2001, pet. denied) (letter demanding indemnity created justiciable controversy that could be resolved by declaratory judgment).

Applying rule 91a's test, the factual allegations are not such that no reasonable person could believe them. Thus, HMT Service's declaratory judgment claim has a sufficient basis in fact to survive dismissal under rule 91a.

As to whether the claim has a sufficient basis in law, ATV argues that HMT Service's factual allegations, assuming their truth, do not entitle it to the declaratory relief sought. According to ATV, HMT Service has no cognizable legal entitlement to a declaration of rights under the Purchase Order because HMT Service is not a party to the Purchase Order. But, under the present circumstances, HMT Service's status as a non-party to the Purchase Order does not deprive it of the right to seek a declaratory judgment of non-liability for defense and indemnity. Chapter 37 does not limit the availability of relief only to those who are parties to an agreement or writing. *See* Tex. Civ. Prac. & Rem. Code § 37.004 ("A person *interested*. . . under a contract or whose rights, status or other legal relations are *affected* by a . . contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder.") (emphasis added); *see also Tex. Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.) ("A suit under the UDJA is not confined to cases in which the parties have a cause of action apart from the Act itself."); *Transp. Ins. Co. v. Franco*, 821 S.W.2d 751, 754 (Tex. App.—Amarillo 1992, writ denied) (same).

HMT Service sought a declaration of non-liability under an agreement—the Purchase Order—alleged to exist between ATV and HMT. HMT Service is a person interested under the Purchase Order because ATV asserted that HMT Service was bound by defense and indemnity obligations the Purchase Order allegedly creates. Therefore, HMT Service is entitled to seek a declaration that no contractual or other legal basis exists to support the purported duties to defend and indemnify ATV. *See* Tex. Civ. Prac. & Rem. Code § 37.003(3) (declaration may be either affirmative or negative); *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 668-69 (Tex. 2009) (explaining that a party may appropriately use UDJA to obtain declaration of contractual non-liability). One argument supporting such a claim could be that HMT Service is not a party to any contract under which defense and indemnity has been demanded, and thus HMT Service owes no contractual duties and is not bound by the purported contract's terms. *See Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 706 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (contract cannot bind non-party). HMT Service's amended petition supports that argument, and if HMT Service proved that it was not a party to any agreement with ATV that gave rise to the claimed duties of defense and indemnity, then it could be entitled to judgment declaring as much. *See Rieder v. Meeker*, No. 02-17-00176-CV, 2018 WL 5074703, at *10 (Tex. App.—Fort Worth Oct. 18, 2018, no pet. h.) (mem. op.) (party sought declaration that agreement was not valid because it was not approved by board; court held claim presented a controversy); *see also Miller v. Giesecke & Devrient Am., Inc.*, 3:06-CV-1466-D, 2007 WL 518557, at *4 (N.D. Tex. Feb. 20, 2007) (mem. op.) (rejecting argument that non-party to agreement containing non-compete provision lacked standing to seek declaratory judgment).

Moreover, ATV may have foreseeably argued that HMT Service, though a non-signatory, was bound nonetheless to the Purchase Order's articulated duties,

13

including the duty of defense and indemnity. *See Lujan*, 445 S.W.3d at 448; *CNOOC Se. Asia Ltd.*, 222 S.W.3d at 894-95; *see also Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 443-47 (Tex. 2017) (discussing situations when non-party may be bound by forum-selection clause); *see generally In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 644 (Tex. 2009) (in arbitration context, non-signatories to contract containing an arbitration clause may be required to arbitrate if rules of law or equity would bind them to the contract generally). Ultimately, ATV has not sought to establish HMT Service's liability for defense and indemnity despite its non-signatory status, but such a claim was at least conceivable at the time appellants filed the amended petition and may have been, if proven, legally viable.

For these reasons, HMT Service's cause of action for declaratory relief has a legal and factual basis sufficient to defeat dismissal under rule 91a. We sustain HMT Service's first issue and hold that HMT Service is a prevailing party as to ATV's rule 91a motion. Accordingly, HMT Service is entitled to "all costs and reasonable and necessary attorney fees incurred with respect to the challenged action in the trial court," a matter we address below. Tex. R. Civ. P. 91a.7.

### Forum Selection Clause

In their second issue, both appellants challenge the dismissal to the extent it was based on ATV's forum-selection ground. On this point, we disagree and conclude that appellants have not demonstrated reversible error.[8]

We review a trial court's ruling on a motion to dismiss based on a forum-selection clause for an abuse of discretion. *See Deep Water*, 234 S.W.3d at 687. But

---

[8] *See* Tex. R. App. P. 44.1 ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals.").

14

to the extent our review involves contract construction or interpretation, we review the trial court's interpretation of the contract de novo. *See id.*

Contractual forum-selection clauses are generally enforceable and presumptively valid in Texas. *See In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding, per curiam); *In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex. 2004) (orig. proceeding); *see also Diamond Offshore (Bermuda), Ltd. v. Haaksman*, 35 S.W.3d 842, 846 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). A trial court abuses its discretion in refusing to enforce a forum-selection clause absent clear evidence that "(1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial." *In re Lyons Fin. Servs., Inc.*, 257 S.W.3d 228, 231-32 (Tex. 2008) (orig. proceeding, per curiam) (citing *In re AIU Ins. Co.*, 148 S.W.3d at 112).

As the party seeking to enforce the forum-selection clause, ATV bore the burden to establish the existence of an agreement to an exclusive forum and that the agreement applies to the claims. *See Phoenix Network Techs.*, 177 S.W.3d at 611-12 & n.6; *see also Lujan*, 445 S.W.3d at 448. ATV filed what it represented to be a copy of the Purchase Order. The parties to the Purchase Order are HMT and ATV. Page two of the Purchase Order contains several paragraphs under the heading "Conditions of Purchase," including the following:

> This order shall be construed in accordance with the laws of the State of Alabama, and any sale arising therefrom shall be governed by the laws of the State of Alabama. By accepting this order, **Seller agrees that any action relating in any way to this order may only be commenced and prosecuted in the courts, whether federal or state, serving the county of Mobile, State of Alabama**; Seller hereby appoints the Secretary of the State of Alabama as Seller's agent to receive service of process with respect to any such action and

irrevocably submits to the jurisdiction of the courts of the County of Mobile, State of Alabama and the United States District Court for the Southern District of Alabama. Notwithstanding the foregoing, Buyer shall have the sole option to elect that any claim or dispute arising from or relating to this order be resolved by binding arbitration under the provisions of any arbitration agreement contained in any of the documents described on the face of this order, which election may be signified by written notice furnished to Seller at its address as shown on the face hereof.

In its motion to dismiss (and its related supplement and reply), ATV cited the Purchase Order's forum-selection clause and argued that appellants' declaratory judgment claims must be dismissed because they relate to the Purchase Order.[9]

Appellants have not challenged the propriety of dismissal on forum-selection grounds for any reason other than that rule 91a is not a proper dismissal vehicle. While, as explained, we generally agree with that proposition, ATV alternatively sought dismissal on forum-selection grounds by a general motion to dismiss, which is a proper vehicle. *See Deep Water*, 234 S.W.3d at 687. Appellants did not respond substantively to that alternative argument in the trial court in accordance with the procedures discussed in *Deep Water*. *See id.* at 692-93. HMT, admittedly a party to the Purchase Order, did not urge, for example, that enforcement of the forum-selection clause would be unreasonable or unjust, that the forum-selection clause was invalid, that enforcement of the clause would contravene a strong Texas public policy, or that the Alabama forum would be seriously inconvenient for trial. *See In re Lyon Fin. Servs., Inc.*, 257 S.W.3d at 231-32 (explaining that a trial court abuses its discretion in refusing to enforce a forum-selection clause absent clear evidence of one of these factors); *see also Deep Water*, 234 S.W.3d at 692-93. HMT disputed

---

[9] The forum-selection clause at issue is broad enough to cover the claims between HMT and ATV, the parties to the Purchase Order. *See, e.g.*, *In re Guggenheim Corp. Funding, LLC*, 380 S.W.3d 879, 887 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) ("Courts interpret the phrases 'relates to,' 'relating to,' and 'arising out of or relating to' broadly in forum selection clauses.").

whether the Purchase Order actually contained a forum-selection clause, but it did not attempt to present evidence and make the "strong showing" required to overcome the forum-selection clause's prima facie validity. *See Phoenix Network Techs.*, 177 S.W.3d at 611. Rather, it argued that ATV's motion was only a rule 91a motion, which is an improper vehicle to enforce a forum-selection clause. Appellants have not asserted that, *independent of* rule 91a's requirements, the trial court erred by enforcing the forum-selection clause and dismissing their claims under general motion to dismiss procedure, or that the trial court erred to the extent it treated ATV's motion to dismiss as a hybrid or combined motion.

Further, because ATV sought to enforce a contractual forum-selection clause against HMT Service, a non-signatory to the Purchase Order, ATV had the additional burden of proving the theory upon which it relied to bind HMT Service to the Purchase Order's terms. *See Lujan*, 445 S.W.3d at 448; *see also Pinto Tech. Ventures, L.P.*, 526 S.W.3d at 443-47. If ATV made this initial showing, HMT Service likewise would have been required to present a "strong showing" to overcome the prima facie validity of the forum-selection clause. *See Phoenix Network Techs.*, 177 S.W.3d at 611. We do not decide whether ATV satisfied its initial burden because HMT Service has not argued in its appellate brief that the dismissal order is error because ATV failed to demonstrate why HMT Service, as a non-party, is bound to the purported forum-selection clause.[10]

---

[10] Appellants have advanced some arguments in their reply brief attacking the validity and application of the forum-selection clause, but they did not do so at trial or in their opening brief. We generally do not consider issues raised for the first time in a reply brief. *See Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 672 n.5 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("Yeske may not raise a new issue in his reply brief that was not discussed in his original brief, even if the new issue is raised in response to a matter in the appellee's brief but not raised in the appellant's original brief."); *Marsh v. Livingston*, No. 14-09-00011-CV, 2010 WL 160915, at *4 (Tex. App.—Houston [14th Dist.] Apr. 22, 2010, pet. denied) (mem. op.).

Under these circumstances, appellants have failed to establish that the trial court reversibly erred in granting ATV's motion to dismiss. *See, e.g.*, *St. John Missionary Baptist Church*, 547 S.W.3d at 313-14; *Britton*, 95 S.W.3d at 681-82. We therefore affirm the portion of the trial court's judgment dismissing HMT's and HMT Service's declaratory judgment claims.

## Attorney's Fees and Costs

The trial court awarded ATV attorney's fees and costs of $24,228.27, as well as conditional appellate attorney's fees. ATV asserts that we must affirm the attorney's fees award because appellants failed to attack the award on appeal. However, appellants attack the judgment to the extent it is based on rule 91a and their issue presented and requested relief necessarily include an attack on the fees. Tex. R. App. P. 38.1(f) (statement of issue will be treated as covering every subsidiary question that is fairly included). We thus consider the propriety of attorney's fees and costs in this case. For the following reasons, we remand to the trial court for re-determination of the appropriate award of attorney's fees and costs.

Whether a party is entitled to recover attorney's fees is a question of law that we review de novo. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). We have concluded that HMT Service is a prevailing party on ATV's rule 91a grounds for dismissal, and ATV is not. Therefore, on remand, HMT Service is entitled to an award of reasonable and necessary attorney's fees and costs incurred in defense of the rule 91a portion of ATV's motion to dismiss. *See* Tex. R. Civ. P. 91a.7; *see also Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 187 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("Undisputedly, the rule mandates an award of attorney's fees to a prevailing party, and the award is not discretionary."). Because ATV is not a prevailing party on the portion of its motion to dismiss under rule 91a, ATV is not entitled to an award of its attorney's fees and

18

costs incurred in pursuing a rule 91a dismissal. *Thuesen v. Amerisure Ins. Co.*, 487 S.W.3d 291, 302 (Tex. App.–Houston [14th Dist.] 2016, no pet.). The judgment in ATV's favor improperly includes attorney's fees and costs incurred by ATV in pursuing rule 91a relief.[11]

ATV may, however, be entitled to attorney's fees and costs under the UDJA. *See* Tex. Civ. Prac. & Rem. Code § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."); *Devon Energy Production Co., L.P. v. KCS Resources, LLC*, 450 S.W.3d 203, 220 (Tex. App.—Houston [14th Dist.] 2014, pet denied) (explaining that trial court may award attorney's fees under the UDJA when dismissing a claim, even when case dismissed before judgment on the merits); *Feldman v. KPMG LLP*, 438 S.W.3d 678, 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (concluding that trial court has power to award attorney's fees under section 37.009 even if declaratory relief claim is dismissed on jurisdictional grounds). Under the UDJA, a trial court may, within its discretion, award attorney's fees to the prevailing or non-prevailing party or decline to award attorney's fees to either party, regardless of which party sought the declaratory relief. *See Garden*

---

[11] ATV's evidence of fees submitted to the trial court includes amounts for its work in pursuing dismissal under both rule 91a and the forum-selection clause. For example, the attorney's fee affidavit submitted by ATV provides:

> As set forth in the attached billing records, the total time spent in addressing Plaintiffs' claims and obtaining the dismissal totals 87 hours. The legal services performed were necessary and the time spent includes, among other things, time associated with reviewing the pleadings, meeting with clients, researching issues and case law, drafting of pleadings and the dismissal motion, receiving and analyzing Plaintiffs' First Amended Petition, drafting the supplement to the Motion to Dismiss with revised order, receiving and analyzing Plaintiffs' Response to the dismissal motion, researching additional case law, drafting ATV's Reply, and preparing for and attending the hearing on the motion to dismiss.

19

*Oaks Maint. Org. v. Chang*, 542 S.W.3d 117, 141 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Appellants contend that ATV cannot be awarded any fees because it requested fees only under rule 91a, and ATV is not a prevailing party under that rule. We disagree. Although ATV specifically sought attorney's fees under rule 91a, it also included a more general request for attorney's fees in its pleadings, which is sufficient to invoke the potential for attorney's fees under the UDJA. *See Gottfried v. Gottfried*, No. 14-10-00645-CV, 2011 WL 5042483, at *4 n.7 (Tex. App.—Houston [14th Dist.] Oct. 25, 2011, pet. denied) (mem. op.) (wife sought attorney's fees as sanctions and for breach of contract, but fees were affirmed under Family Code provision); *Mitchell v. LaFlamme*, 60 S.W.3d 123, 130-31 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("Although the petition seeks attorneys' fees under the Declaratory Judgment Act or the Uniform Condominium Act, it also includes a general prayer for attorneys' fees. We find that the pleadings suffice to recover attorneys' fees."); *Bellefonte Underwriters Ins. Co. v. Brown*, 663 S.W.2d 562, 575 (Tex. App.—Houston [14th Dist.] 1983), *rev'd in part on other grounds*, 704 S.W.2d 742 (Tex. 1986) ("Moreover, pleading an incorrect or inapplicable theory or statute, as was done here, does not preclude an award."). Appellants also requested fees under the UDJA. On remand, the trial court has discretion whether to award any fees to any party under the UDJA.

In sum, because HMT Service is a prevailing party on the portion of ATV's motion to dismiss based on rule 91a, the trial court must award to HMT Service its reasonable and necessary attorney's fees and costs incurred in responding to the rule 91a portion of ATV's motion to dismiss. Tex. R. Civ. P. 91a.7. Because ATV could not seek rule 91a relief against HMT on forum-selection grounds, neither ATV nor HMT is entitled to an award of their respective attorney's fees and costs from the

other under this rule.  Finally, whether any attorney's fees and costs should be awarded to any party under the UDJA is a matter for the trial court to address in its discretion on remand.  *See Garden Oaks Maint. Org.*, 542 S.W.3d at 141.

## Conclusion

We affirm the portion of the judgment dismissing appellants' claims.  We reverse the portion of the judgment awarding attorney's fees and costs to ATV.  We remand the cause for a re-determination of attorney's fees and costs consistent with this opinion.


/s/     Kevin Jewell
Justice


Panel consists of Justices Donovan, Wise, and Jewell.