**Motion for Oral Argument Denied as Moot, Affirmed, and Memorandum Opinion filed June 4, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00381-CV

---

**AISHA RILEY, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, Appellant**

V.

**HOUSTON NORTHWEST OPERATING COMPANY, L.L.C., A TEXAS LIMITED LIABILITY COMPANY D/B/A "HCA HOUSTON HEALTHCARE NORTHWEST" AND "HOUSTON NORTHWEST MEDICAL CENTER," Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-39473**

---

### M E M O R A N D U M   O P I N I O N

Aisha Riley appeals from a final summary judgment in favor of Houston Northwest Operating Company, L.L.C. d/b/a "HCA Houston Healthcare Northwest" and "Houston Northwest Medical Center" (the "Hospital"). In three issues, Riley contends the trial court erred in granting the Hospital's summary-judgment motions

on her breach-of-contract, declaratory-judgment, and deceptive-trade-practices claims. We affirm.[1]

## Background

Like many healthcare facilities across the country, the Hospital charges a general emergency room service fee (the "Facility Fee")[2] to emergency room patients depending on the level of treatment provided. This Facility Fee is charged to all patients who visit the Hospital's emergency room in addition to charges for the specific procedures and services provided.

Riley received treatment at the Hospital, where she signed a Patient Contract. The total bill for the services she received was $10,381.22, including a Facility Fee of $2,208.93. The Hospital's contract with Riley's health insurer reduced the bill to $4,085.81 for all services provided, which included a discounted rate of $963.47 for the Facility Fee. The Hospital billed the discounted balance of $4,085.22 to Riley because it did not exceed the deductible in her health insurance plan. Riley never paid this bill. In January 2023, while this lawsuit was pending, the Hospital wrote off the entirety of the balance Riley owed, including the Facility Fee.

Riley, on behalf of herself and all others similarly situated, filed an original class action petition. She amended her petition multiple times, and in her fourth amended petition, she asserted claims against the Hospital for breach of contract, declaratory judgment, and violations of the Deceptive Trade Practices-Consumer Protection Act (the "DTPA").[3] The Hospital moved for partial summary judgment on Riley's breach-of-contract claim. The trial court granted the Hospital's summary-

---

[1] We deny Appellant's Motion Requesting Oral Argument as moot.

[2] The Hospital refers to the fee as an "Evaluation and Management Services Charge."

[3] *See generally* Tex. Bus. & Com. Code ch. 17, subch. E.

judgment motion on this claim. Later, the Hospital moved for summary judgment on Riley's declaratory-judgment and DTPA claims. The trial court granted the motion as to Riley's declaratory-judgment claim but denied the motion as to the DTPA claims.

In February 2023, the Hospital again moved for summary judgment on the DTPA claims, asserting that the court lacked jurisdiction over that claim and, alternatively, that the claim failed because Riley had no damages. Thereafter, in March 2023, Riley filed a fifth amended petition, which omitted her breach-of-contract and declaratory-judgment claims on which the court previously granted summary judgment for the Hospital. This live pleading makes no mention of the previously dismissed claims, nor does it state that it is preserving all issues raised as to those claims; instead this pleading asserts only DTPA violations. The Hospital supplemented its previously filed summary-judgment motion to assert additional reasons why Riley's DTPA claims failed, namely because the Hospital made no misrepresentations to Riley and because the Hospital's contract was not unconscionable as a matter of law.

On May 2, 2023, the trial court signed an "Omnibus Order and Final Judgment," in which it granted the Hospital's summary-judgment motion as to Riley's DTPA claims, denied as moot Riley's motion for class certification, and denied Riley's other requested relief. The May 2 judgment finally disposed of all claims and all parties.

Riley timely appealed.

**Analysis**

In three issues, Riley argues the trial court erred in granting summary judgment on her breach-of-contract claim (Issue One), on her declaratory-judgment claim (Issue Two), and on her DTPA claims (Issue Three).

**A.      Breach-of-Contract and Declaratory-Judgment Claims**

In her first two issues, Riley challenges the trial court's adverse summary judgment on her breach-of-contract and declaratory-judgment claims.  Riley, however, omitted these claims from her fifth amended petition after she affirmatively pleaded them in her fourth amended petition.  The Hospital contends that Riley has abandoned these claims by omitting them from her live pleading and has thus waived any error by the trial court in granting summary judgment on those claims.  We agree.

Generally, filing an amended petition in a civil case that does not include a previously pleaded cause of action effectively nonsuits or voluntarily dismisses the omitted claim as of the time the pleading is filed, and no hearing is necessary to effect the nonsuit.  *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) ("Amended pleadings supersede prior pleadings, and any claim not carried forward in an amended pleading is deemed dismissed."); *FKM P'ship, Ltd. v. Bd. of Regents of Univ. Houston Sys.*, 255 S.W.3d 619, 632 (Tex. 2008); *Davis v. Angleton Indep. Sch. Dist.*, 582 S.W.3d 474, 478 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).  This is so because amended pleadings and their contents take the place of prior pleadings, and thus, causes of action asserted previously but not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed, except for possible circumstances not present here.[4]  *FKM P'ship, Ltd.*, 255

---

[4] An exception exists if the pleader specifically reserves the right to re-assert or appeal a trial court order dismissing causes of action that were not later contained in amended pleadings; in

S.W.3d at 633; *Davis*, 582 S.W.3d at 478; *see* Tex. R. Civ. P. 65. Abandoning a cause of action in an amended pleading waives error, if any, by the trial court with regard to that abandoned cause of action. *Spellman v. Love*, 534 S.W.3d 685, 690-91 (Tex. App.—Corpus Christi 2017, pet. denied) (citing *Randolph v. Walker*, 29 S.W.3d 271, 275 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Radelow-Gittens Real Prop. Mgmt. v. Pamex Foods*, 735 S.W.2d 558, 559-60 (Tex. App.—Dallas 1987, writ ref'd n.r.e.); *Dolenz v. All Saints Episcopal Hosp.*, 638 S.W.2d 141, 142 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.)). Although waiver is a "harsh result," it is "mandated by our Civil Procedure Rule 65 and established case law." *Randolph*, 29 S.W.3d at 275.

Because Riley omitted her breach-of-contract and declaratory-judgment claims from her fifth amended petition without reserving a right to appeal the trial court's summary dismissal of those claims, she abandoned them and cannot complain about the trial court's ruling on appeal. *See Randolph*, 29 S.W.3d at 278 ("[A] viable complaint on appeal is lost when, following an allegedly erroneous ruling by the trial court on a claim, the plaintiff files an amended pleading abandoning the claim upon which the trial court ruled."); *see also Kamas v. Bay Mountain Fund I, LLC*, No. 14-22-00612-CV, 2023 WL 8196276, at *4 (Tex. App.—Houston [14th Dist.] Nov. 28, 2023, no pet.) (mem. op.); *Madhavan A. Pisaharodi, M.D., P.A. v. United Biologics, L.L.C.*, No. 04-18-00324-CV, 2020 WL 1443561, at *8 (Tex. App.—San Antonio Mar. 25, 2020, pet. denied) (mem. op.) (when plaintiff amended petition to omit breach-of-contract claim following trial

that case, the pleader has not waived error regarding those claims on appeal. *See Ortiz v. Collins*, 203 S.W.3d 414, 421 n.4 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Here, when Riley filed her fifth amended petition, the trial court had already dismissed her breach-of-contract and declaratory-judgment claims from the case by granting summary judgment for the Hospital on those claims. Our review of Riley's live pleading reveals no reservation of the right to re-assert or appeal any dismissed causes of action, and thus, this exception does not apply.

court's granting of summary judgment on that claim, plaintiff waived any complaint regarding the trial court's decision dismissing the contract claim); *Davis*, 582 S.W.3d at 478; *Samson v. Ghadially*, No. 14-12-00522-CV, 2013 WL 4477863, at *2 (Tex. App.—Houston [14th Dist.] Aug. 20, 2013, no pet.) (mem. op.).

We overrule Riley's first and second issues.

## B.     DTPA Claims

In her third issue, Riley asserts that the trial court erred in granting summary judgment in the Hospital's favor on her DTPA claims. The Hospital contends that Riley failed to challenge all grounds on which the summary judgment may have been granted, and thus, we must uphold the summary judgment. Again, we agree with the Hospital.

When, as here, a summary-judgment motion asserts multiple grounds and the order granting summary judgment does not specify the ground on which judgment was rendered, the appellant must challenge and negate all summary-judgment grounds on appeal. *Collins v. D.R. Horton-Tex. Ltd.*, 574 S.W.3d 39, 44 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000). If summary judgment may have been rendered, properly or improperly, on a ground not challenged on appeal, the judgment must be affirmed. *Jackson v. Patten Law Firm*, No. 14-19-00376-CV, 2020 WL 4098402, at *2 (Tex. App.—Houston [14th Dist.] July 21, 2020, no pet.) (mem. op); *Collins*, 574 S.W.3d at 44; *see Lujan v. Navistar, Inc.*, No. 14-14-00345-CV, 2021 WL 56184, at *3 (Tex. App.—Houston [14th Dist.] Jan. 7, 2021, pet. denied) (mem. op.); *Heritage Gulf Coast Props.*, 416 S.W.3d at 653.

6

The elements of a DTPA claim include that: (1) the plaintiff is a consumer; (2) the defendant violated a specific DTPA provision; and (3) the violation was a producing cause of the plaintiff's damages. Tex. Bus. & Com. Code § 17.50(a); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). In its summary-judgment motion, the Hospital contended among other things that Riley's DTPA claims were precluded because she incurred no economic damages. It is undisputed Riley did not pay any portion of the Hospital's bill, and she did not plead recovery for any non-economic damages.

In her opening brief, Riley makes no mention of the Hospital's damages ground asserted in its summary-judgment motion. Accordingly, Riley has not challenged each ground on which the trial court may have granted the Hospital's motion, whether properly or improperly, and we must affirm the summary judgment. *E.g.*, *Jackson*, 2020 WL 4098402, at *2; *Collins*, 574 S.W.3d at 44; *Lujan*, 2021 WL 56184, at *3; *Heritage Gulf Coast Props.*, 416 S.W.3d at 653.

Riley addresses the Hospital's damages ground in her reply brief. We generally do not consider issues raised for the first time in a reply brief and decline to do so here. *See Collins*, 574 S.W.3d at 44; *HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 812 n.10 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 672 n.5 (Tex. App.— Houston [14th Dist.] 2016, no pet.).[5]

---

[5] In its supplement to its summary-judgment motion on Riley's DTPA claims, filed after Riley filed her fifth amended petition, the Hospital urged that Riley's DTPA claims for misrepresentation and unconscionability failed for the additional reasons that she admitted the Hospital made no misrepresentations to her and the Hospital's conduct was not unconscionable as a matter of law. In her opening brief, Riley argues that the Hospital wrongly classifies her omission claim as a misrepresentation claim, so she addressed its misrepresentation grounds. However, she failed to address the Hospital's unconscionability grounds until she filed her reply brief. Again, we generally do not consider issues raised for the first time in a reply brief. *See Collins*, 574 S.W.3d at 44; *HMT Tank Serv. LLC*, 565 S.W.3d at 812 n.10; *Yeske*, 513 S.W.3d at 672 n.5.

We overrule Riley's third issue.

## Conclusion

Having overruled all three of Riley's appellate issues, we affirm the trial court's judgment.


/s/ Kevin Jewell
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.