**Affirmed and Majority and Concurring Opinions filed June 27, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00220-CV

---

### CITY OF HOUSTON, Appellant

### V.

### DELISA BOODOOSINGH, Appellee

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2023-02403**

---

### MAJORITY OPINION

Appellant the City of Houston brings this interlocutory appeal from the trial court's denial of its Rule 91a motion to dismiss. Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing interlocutory appeal from order that grants or denies a plea to the jurisdiction by a governmental); *see* Tex. R. Civ. P. 91a (authorizing dismissal of a cause of action that has no basis in law or fact). We affirm.

## Background

Appellee Delisa Boodoosingh alleged that she was sitting in her stopped vehicle when a Houston fire truck, driven by Houston employee Kevin Lamont Goodie, struck the driver's side of her vehicle. Boodoosingh alleged that the crash was caused by Goodie's failure to maintain the speed and direction of the city-owned vehicle. Boodoosingh further alleged that she suffered personal injuries and property damage in the crash. She filed suit against the city. In her original petition, Boodoosingh alleged that all conditions precedent to her "claims for relief have been performed or have occurred."

Houston filed an answer in which it asserted that Boodoosingh's claims were barred due to a lack of the notice required by the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.101 (establishing notice requirement); Tex. Gov't Code § 311.034 (providing that notice requirements are jurisdictional). Houston also asserted that the "emergency exception" affirmative defense found in Sections 101.055 and 101.062 of the Civil Practices and Remedies Code applied to preserve Houston's governmental immunity. *See* Tex. Civ. Prac. & Rem. Code §§ 101.055, 101.062. Houston also filed a Rule 91a motion to dismiss Boodoosingh's lawsuit asserting the same grounds.

Subsequently Boodoosingh filed a response to Houston's 91a motion as well as an amended petition. In her amended petition, Boodoosingh stated that "defendant, City of Houston, alleges that Kevin Goodie was operating a vehicle while responding to an emergency, and that as such, the City of Houston and Kevin Goodie are exempt from liability." Finally, Boodoosingh alleged that Houston had actual and/or constructive notice of her claims.

The trial court denied Houston's Rule 91a motion to dismiss and this interlocutory appeal followed.

ANALYSIS

In two issues Houston argues that the trial court erred when it denied its Rule 91a motion.[1]  We address these issues together.

## I.    Standard of review and applicable law

If a cause of action has no basis in law or fact, a party may move for dismissal under Rule 91a.  Tex. R. Civ. P. 91a; *see also In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021).  "A motion to dismiss . . . must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." Tex. R. Civ. P. 91a.2.  "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."  Tex. R. Civ. P. 91a.  A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id.*  We review whether a cause of action has any basis in law de novo.  *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021).  We accept as true the factual allegations in the pleadings and liberally construe the pleadings in favor of the plaintiff.  *HMT Tank Serv. v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 808 (Tex. App.—Houston [14th Dist.] 2018, no pet.).  If needed, the trial court may draw reasonable inferences from the factual allegations to determine if the cause of action has any basis in law or fact.  *Vasquez v. Legend Nat. Gas, LP*,

---

[1] We have jurisdiction over this interlocutory appeal because Rule 91a is an appropriate procedural vehicle to assert that a trial court does not have subject-matter jurisdiction because the defendant is a governmental unit that has not waived its governmental immunity. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 725 (Tex. 2016) (per curiam) ("To determine whether dismissal under Rule 91a is required in this case, we thus consider whether the pleadings, liberally construed, allege sufficient facts to invoke a waiver of governmental immunity under the Tort Claims Act."); *see also San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 621, 628–29 (Tex. 2021(addressing merits of appeal from trial court's denial of governmental entity's Rule 91a motion asserting governmental immunity).  The motion must be based solely on the pleaded facts. *See Sanchez*, 494 S.W.3d at 725.

492 S.W.3d 448, 450 (Tex. App.—San Antonio 2016, pet. denied). A court may not consider evidence and must decide the motion "based solely on the pleading of the cause of action." Tex. R. Civ. P. 91a.6; *Sanchez*, 494 S.W.3d at 724.

Additionally, in deciding a Rule 91a motion to dismiss, "a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). "Rule 91a permits motions to dismiss based on affirmative defenses "if the [claimant's] allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.'" *Id.* (quoting Tex. R. Civ. P. 91a.6). "Of course, some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition. Because Rule 91a does not allow consideration of evidence, such defenses are not a proper basis for a motion to dismiss." *Id.*

Governmental units are immune from suit unless immunity is waived by state law. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). If a governmental unit has immunity from suit, a trial court lacks subject matter jurisdiction. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). Houston, as a municipality and political subdivision of the State, cannot be vicariously liable for an employee's acts unless its governmental immunity has been waived. *City of Pasadena v. Belle*, 297 S.W.3d 525, 529 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Under the facts of this case, possible waiver of the City's immunity from suit and liability is found in section 101.021 of the Texas Tort Claims Act (the Act), which provides in relevant part:

> A governmental unit in the state is liable for … property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of

4

employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law[.]

Tex. Civ. Prac. & Rem. Code § 101.021(1).

## II.     The trial court did not err when it denied Houston's Rule 91a motion.

We turn first to Houston's contention that Boodoosingh did not provide notice of her claim to Houston. Houston misapprehends the standard of review. Houston relies on evidence, specifically the accident report, to argue that it did not have actual notice of Boodoosingh's claim. For example, Houston concludes its first issue by asserting that Boodoosingh "provided no evidence of Houston's actual notice of her claims." Evidence, however, may not be used to resolve a Rule 91a motion. Tex. R. Civ. P. 91a.6; *Sanchez*, 494 S.W.3d at 724. Instead, we look only to the plaintiff's pleadings. Here, Boodoosingh alleged that Houston had actual notice of her claim. At this stage, we must accept the truth of this factual assertion. *HMT Tank Serv.*, 565 S.W.3d at 808. We therefore hold that the trial court did not err when it denied Houston's Rule 91a motion based on a lack of notice.

In its second issue, Houston argues that the trial court erred when it denied its Rule 91a motion to dismiss because the emergency-exception affirmative defense applies. Once again, Houston misapprehends the standard of review because Houston asserts that Boodoosingh "failed to satisfy her burden to plead, present evidence, and cite authority showing that the emergency exception clearly and unequivocally does not apply." In support of its argument, Houston cites *City of Houston v. Maspero*, a plea to the jurisdiction case. 640 S.W.3d 523, 529 (Tex.

5

2022). Because *Maspero* arises from the denial of a plea to the jurisdiction, in which evidence may be considered, it does not control the outcome here. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (stating that a defendant's plea to the jurisdiction may challenge either the plaintiff's pleadings or the existence of jurisdictional facts). While a Rule 91a motion to dismiss may be based on the assertion of an affirmative defense, such motion may only be granted if the plaintiff's pleadings conclusively establish the affirmative defense. *See Bethel*, 595 S.W.3d at 656 ("Of course, some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition. Because Rule 91a does not allow consideration of evidence, such defenses are not a proper basis for a motion to dismiss."). Having reviewed Boodoosingh's pleadings, summarized above, we conclude that they do not conclusively establish the emergency-exception affirmative defense. Therefore, the trial court did not err when it denied Houston's Rule 91a motion to dismiss based on the emergency-exception affirmative defense.

Having rejected both arguments Houston raised on appeal, we overrule its issues on appeal.

## CONCLUSION

Having overruled Houston's issues on appeal, we affirm the trial court's order.

/s/ Jerry Zimmerer
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain (Spain, J., concurring).

6