# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2022

Lyle W. Cayce
Clerk

No. 21-20125

JAMES K. COLLINS, MEDICAL DOCTOR,

*Plaintiff—Appellant*,

*versus*

D. R. HORTON-TEXAS LIMITED,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1897

Before DAVIS, DENNIS, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Plaintiff-Appellant James K. Collins ("Collins") appeals the district court's dismissal of his claims against Defendant-Appellee D.R. Horton-Texas Ltd. ("Horton"). Because we agree with the district court that Collins's claims are barred by res judicata, we AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20125

## I. Background

In this case the parties contest ownership of a 100-foot strip of land in Montgomery County, Texas.  In 2012, Horton purchased 800 acres of land that it intended to develop into a residential subdivision.  Horton's property abuts land owned by Collins.  While Horton was surveying its property, it discovered that Collins had erected a fence 100 feet beyond the boundary of his property.

In April 2015, Horton sued Collins in Texas state court for trespass, to quiet title, and for a declaration of boundary.  Collins filed a counterclaim alleging ownership of the 100-foot strip of land by adverse possession. Collins subsequently amended his counterclaim to add a new theory of ownership: trespass to try title based on his alleged acquisition of the record title to the disputed property.

Horton moved for summary judgment on Collins's trespass-to-try-title counterclaim, asserting several different theories in support of its motion.  As is relevant here, Horton argued that (1) Collins could not claim ownership over the disputed property because the property boundary had been judicially determined by a 1944 federal-court judgment ("the *McComb* Judgment"),[1] and (2) Collins was estopped from asserting ownership that conflicted with the *McComb* Judgment under the estoppel-by-deed doctrine, because Collins's deed incorporates a plat that refers to the recorded *McComb* Judgment.[2]  In response, Collins asserted that his ancestors-in-title were necessary parties to the *McComb* litigation but that they were never served or joined in that litigation.  Collins asserted, then, that the Texas court

---

[1] *McComb v. McCormack*, 159 F.2d 219 (5th Cir. 1947).

[2] *Collins v. D.R. Horton-Tex. Ltd.*, 574 S.W.3d 39, 42 (Tex. App.—Houston [14th Dist.] 2018, writ denied).

2

should ignore the 1944 *McComb* Judgment boundaries because the *McComb* court lacked personal jurisdiction[3] over Collins's ancestors-in-title.

The Texas district court granted partial summary judgment in favor of Horton, holding that Collins "take nothing" on his counterclaim for title. On appeal, the state appellate court affirmed the trial court's judgment. It held that because the district court did not specify the ground on which it rendered summary judgment, Collins needed to challenge and negate all the summary judgment grounds raised by Horton in the court below. The court held that Collins failed to do this by not challenging the estoppel-by-deed ground, which was "independent of the merits of the ground based on the 1944 [*McComb*] judgment."

In 2020, Collins filed the instant lawsuit in the Southern District of Texas urging that the *McComb* Judgment be declared void pursuant to Rule 60(b)(4) and (d)(1).[4] He also asserted, by way of supplemental jurisdiction, a trespass-to-try-title claim. Horton filed a Rule 12(b)(6) motion to dismiss, arguing that Collins's claims were barred by res judicata. The district court agreed. Collins timely appealed.

---

[3] Collins frames this as a due process violation, but it is equally a personal jurisdiction issue. *See Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017).

[4] Rule 60(b)(4) states, "On motion and just terms, a court may relieve a party or its legal representative from a final judgment for the following reasons: . . . the judgment is void." FED R. CIV. P. 60(b)(4). Rule 60(d)(1) states, "This rule does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding." FED R. CIV. P. 60(d)(1).

No. 21-20125

## II. Discussion

This Court reviews a district court's ruling on a motion to dismiss *de novo*.[5] Here, Collins argues that the district court erred in holding that res judicata barred his Rule 60 and trespass-to-try-title claims.

### A. *Rooker-Feldman*

For the first time on appeal, Horton argues that the *Rooker-Feldman* doctrine deprived the court below of subject matter jurisdiction over Collins's claims. The district court did not address the applicability of the *Rooker-Feldman* doctrine. However, because the doctrine is jurisdictional, we address it first.[6]

*Rooker-Feldman* is a "narrow"[7] doctrine that bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[8] A state court judgment "is attacked for purposes of *Rooker-Feldman* when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment."[9]

---

[5] *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010).

[6] *Weaver v. Tex. Capital N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam).

[7] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.* 544 U.S. 280, 284 (2005) (noting "the narrow ground occupied by *Rooker-Feldman*"); *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (describing the doctrine as "a narrow one").

[8] *Exxon*, 544 U.S. at 284.

[9] *Weaver*, 660 F.3d at 904 (citations and internal quotation marks omitted).

No. 21-20125

"One hallmark of the *Rooker-Feldman* inquiry is what the federal court is being asked to review and reject."[10]  Under the doctrine, a federal district court is barred from hearing claims that challenge prior *state court* decisions.[11] "A second hallmark of the *Rooker-Feldman* inquiry is the source of the federal plaintiff's alleged injury."[12]  If the federal plaintiff "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court."[13]

Collins's federal complaint seeks a declaratory judgment that: (1) the *McComb* Judgment is void under Rule 60(b)(4) and (d)(1),[14] and (2) he owns the disputed property under a trespass-to-try-title theory.  Both of these claims are related because Collins asserts that the only basis for Horton's title to the disputed property is the void *McComb* Judgment.

In applying the two "hallmark[s]" of the *Rooker-Feldman* inquiry, we conclude that *Rooker-Feldman* does not apply to this case.  First, Collins asked the federal district court to review and void the *McComb* Judgment, a prior federal-court judgment, not a state-court judgment.[15]  And second, Collins's

---

[10] *Id.* (citing *Exxon*, 544 U.S. at 284).

[11] *Id.*

[12] *Id.* (citing *Exxon*, 544 U.S. at 284).

[13] *Exxon*, 544 U.S. at 282-83 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).

[14] Rule 60(b)(4) states, "On motion and just terms, a court may relieve a party or its legal representative from a final judgment for the following reasons: . . . the judgment is void." FED R. CIV. P. 60(b)(4).  Rule 60(d)(1) states, "This rule does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding." FED R. CIV. P. 60(d)(1).

[15] *Truong*, 717 F.3d at 382 (noting that *Rooker-Feldman* "does not prohibit a district court from reviewing non-state court decisions").

federal complaint asserts that the source of his injury—the extinguishment of his alleged property interest—is the *McComb* Judgment, not the state-court judgment, which he contends had "no choice" but to rely on the *McComb* Judgment.[16]

Horton argues that *Rooker-Feldman* bars Collins's claims because they are "thinly disguised attempt[s] to attack the valid 2017 state court judgment" that awarded title to Horton. We disagree. Collins's federal court complaint centers on the validity of the *McComb* Judgment, which was never addressed by the state court. Instead, the state appellate court[17] denied Collins's trespass-to-try-title claim on the grounds of estoppel-by-deed, which the court noted was "independent of the merits"[18] of the validity of the *McComb* Judgment.[19]

Thus, because Collins's federal complaint does not seek to overturn the state-court judgment or challenge the estoppel-by-deed ground relied upon by the state court, the district court had jurisdiction to hear Collins's

---

[16] *See Webb as next friend of K.S. v. Smith*, 936 F.3d 808, 817 (8th Cir. 2019) ("[I]n the *Rooker-Feldman* context [there is] a distinction between 'a federal claim alleging injury caused by a state court judgment and a federal claim alleging a prior injury that a state court failed to remedy.'" (quoting *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007))).

[17] Given that the state trial court did not specify the basis for its decision granting Horton's partial motion for summary judgment, we look to the claims presented and adopted by the state appellate court in affirming the trial court's holding.

[18] *Collins*, 574 S.W.3d at 44.

[19] *See Whiteford v. Reed*, 155 F.3d 671, 674 (3d Cir. 1998) (noting that the court "has consistently held that where a state action does not reach the merits of a plaintiff's claims, then *Rooker-Feldman* does not deprive the federal court of jurisdiction").

federal claims.[20]  This is true even though Collins's request for a declaration that he owns the disputed property would "den[y] a legal conclusion that a state court has reached in a case to which [Collins] was a party."[21]  In such a case, as here, "[w]hen a plaintiff seeks to relitigate a suit that has been decided against him, he is not so much attacking as trying to by bypass the judgment in that suit; and the doctrine that blocks him is res judicata."[22]

In sum, given that Collins does not seek appellate-type review of a state-court judgment, and in light of the narrow scope of the *Rooker-Feldman* doctrine, we find that the "issue is not jurisdiction[al], but instead, is more appropriately resolved through an application of res judicata."[23]

### B. Res Judicata

Although we determine that *Rooker-Feldman* does not apply to Collins's claims, we agree with the district court that the doctrine of res judicata is applicable and requires the dismissal of his federal suit.  Under Texas law,[24] res judicata bars assertion of a claim in a subsequent case when: (1) there is a prior final judgment on the merits (2) by a court of competent jurisdiction; (3) the parties in the second action are the same or in privity with

---

[20] *Weaver*, 660 F.3d at 904 ("[T]he *Rooker-Feldman* doctrine generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment.").

[21] *Exxon*, 544 U.S. at 293 (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

[22] *Troung*, 717 F.3d at 384 (quoting *Nesses v. Shepard*, 6 F.3d 1003, 1005 (7th Cir. 1995)).

[23] *Weaver*, 660 F.3d at 905; *see also Exxon*, 544 U.S. at 287-88 (noting that the *Rooker-Feldman* doctrine "has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases," which are the only two cases in which the Supreme Court has applied the doctrine).

[24] The parties agree that Texas law supplies the res judicata standard here.

those in the first action; and (4) the second action is based on the same claims as were raised or could have been raised in the first action.[25] Collins challenges only the second element, asserting that the state court litigation does not preclude his claims in federal court because the state court did not have jurisdiction to consider his argument that the *McComb* Judgment is invalid or order the remedy he presently requests. Collins contends that only a federal court may declare the federal *McComb* Judgment void and, consequently, the Texas state court had no choice but to follow the 1944 *McComb* Judgment and deny his trespass-to-try-title claim.

Although Texas courts, like other state courts, routinely enforce or give res judicata effect to a judgment from a federal court, a Texas court will not do so if it determines that the federal court lacked personal or subject matter jurisdiction.[26] We have similarly stated that "any" judgment may be collaterally attacked if it is void for lack of personal jurisdiction.[27] Thus,

---

[25] *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 591 (5th Cir. 2020) (citing *Weaver*, 660 F.3d at 906).

[26] *See* 47 Tex. Jur. 3d Judgments § 69 (2022 Update); *S. Ins. Co. of New Orleans v. Wolverton Hardware Co.*, 19 S.W. 615, 615 (Tex. 1892) ("In a suit on a judgment rendered by a court of another state, the defendant may prove the want of jurisdiction either of the subject-matter *or person* in the court that rendered the judgment. . . . *State courts have the same right to examine into judgments rendered by the federal courts of another state or territory as of the state or territorial courts.*" (emphasis added)); *San Antonio Ind. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 281 (Tex. 1996) (determining whether the prior federal court had subject matter jurisdiction before concluding that it operated as res judicata on the subsequent state court case); *Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 83 F. Supp. 2d 781, 790 (E.D. Tex. 2000) ("Similarly, Texas courts have held that a federal court judgment does not preclude subsequent state court claims over which the federal court either could not or did not exercise jurisdiction."); *see also PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012) (holding that "a judgment may . . . be challenged [as void] through collateral attack when a failure to establish personal jurisdiction violates due process").

[27] *Jacuzzi v. Pimienta*, 762 F.3d 419, 420 (5th Cir. 2014); *see also Adriano v. Finova Cap. Corp.*, No. 04-02-00796, 2003 WL 2169300, at 2 (Tex. App. July 23, 2003) (holding

contrary to Collins's assertion, the Texas state court was competent to hear and decide his argument challenging the *McComb* Judgment as void for want of personal jurisdiction. However, rather than address this issue, the state appellate court decided Collins's trespass-to-try-title claim on the independent ground of estoppel-by-deed.

### III. CONCLUSION

Accordingly, plaintiff's Rule 60 and trespass-to-try-title claims are dismissed under res judicata. The district court's judgment is AFFIRMED.

---

that state court plaintiffs could not collaterally challenge a federal court's judgment because they were "not challeng[ing] the federal court's jurisdiction").