**Affirmed in part, Reversed and Remanded in part, and Opinion filed March 5, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00165-CV

---

### JINSUN, LLC, Appellant

### V.

### ALIDAD MIRESKANDARI, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1181704**

---

## O P I N I O N

In this dispute regarding a settlement agreement, appellant Jinsun, LLC appeals from a final summary judgment and order awarding attorney's fees in appellee Alidad Mireskandari's favor. In three issues, Jinsun contends the trial court erred in granting Mireskandari's summary-judgment motion, denying Jinsun's summary-judgment motion, and awarding Mireskandari attorney's fees.

Because Jinsun has not challenged all grounds asserted in Mireskandari's summary-judgment motion, we overrule Jinsun's first two issues. We affirm the trial court's final declaratory judgment in Mireskandari's favor.

However, we sustain Jinsun's challenge to the award of conditional appellate attorney's fees, raised in its third issue, because Mireskandari provided insufficient evidence in support of this award. Accordingly, we reverse the award of conditional appellate attorney's fees, and we remand the case for reconsideration limited to that issue only.

## Background

In 2016, Jinsun obtained a judgment and order in the United States District Court for the Southern District of Texas against Mireskandari for $377,948, plus interest. Before paying any amounts owed and while a motion for sanctions and attorney's fees was pending in the district court regarding Mireskandari's failure to pay the judgment, Mireskandari filed for bankruptcy in November 2018. In October 2019, Jinsun and Mireskandari signed a settlement agreement regarding the judgment, under which Mireskandari agreed to pay Jinsun "(a) $300,000 plus (b) the amount, if any, awarded by the Southern District of Texas in respect of [Jinsun's] Sanctions Application[1] through a final order after exhaustion of any applicable rights of appeal (the 'Settlement Amount')." Mireskandari was to pay the Settlement Amount according to the following schedule:

i. [Mireskandari] shall pay $100,000 within 60 days after the Effective Date[2] (the "Initial Payment Date");

---

[1] The parties refer to Jinsun's motion for sanctions and attorney's fees as the "Sanctions Application," so we do as well.

[2] The "Effective Date" was the date the bankruptcy court entered an order approving the settlement agreement, which was on December 11, 2019. Thus, Mireskandari's first payment was due February 9, 2020.

2

ii. [Mireskandari] shall pay $25,000 within 30 days after the Initial Payment Date; and

iii. [Mireskandari] shall pay [the] remaining balance of the Settlement Amount in twenty-four (24) monthly installments following the Initial Payment Date, provided that any attorneys' fees awarded in the Sanctions Application through a final order after exhaustion of any applicable rights of appeal in excess of $40,000.00 will be paid in twelve equal monthly installments beginning twenty-four (24) months after the Initial Payment Date. For clarification purposes, if $100,000.00 is awarded in the Sanctions Application, then $60,000.00 will be paid in twelve equal monthly installments beginning twenty-four (24) months after the Initial Payment Date. . . .

After the bankruptcy court approved the settlement agreement, the federal district court awarded Jinsun $73,824.91 in attorney's fees to resolve Jinsun's Sanctions Application on January 27, 2020. Mireskandari appealed the sanctions order.

Beginning in February 2020, and while his appeal of the sanctions order was pending, Mireskandari made payments pursuant to the schedule in the settlement agreement. The payments consisted of an initial payment of $100,000, another lump sum payment of $25,000, and twenty-four monthly payments of $7,291.67. As of February 11, 2022—the approximate two-year anniversary of the initial payment— Mireskandari had paid a total of $300,000. None of these payments included any portion of the $73,824.91 sanctions award that was on appeal.

The United States Court of Appeals for the Fifth Circuit affirmed the sanctions order on January 4, 2022. Then a dispute arose about how much of the Settlement Amount Mireskandari still owed. Mireskandari made no further payments, and the instant lawsuit followed.

Mireskandari was the first to file suit. He sought a declaration that he was not in violation of the settlement agreement and that he owed only $33,824.91—not $73,824.91.

Jinsun filed a counterclaim, the live version of which seeks a declaration that Mireskandari breached the settlement agreement. According to Jinsun's pleading, the settlement agreement provided that Mireskandari was to pay $340,000 ($300,000 plus the first $40,000 of the sanctions award) over two years, and $33,824.91 in year three. Jinsun alleged that Mireskandari, having paid only $300,000 in the first two years, was in breach and thus owed the entire amount due under the original judgment, less the $300,000 already paid.[3]

In response to Jinsun's allegation that Mireskandari was required to pay $340,000 instead of $300,000 in the first two years, Mireskandari filed an amended pleading in which he asserted affirmative defenses of waiver, quasi-estoppel, usury, and unlawful penalty.

The parties filed competing motions for summary judgment. Mireskandari sought summary judgment on his affirmative declaratory judgment claim. He argued that he owed only an additional $33,824.91, based on his reading of the settlement agreement. According to him, only the amount of the sanctions award above $40,000 was required to be paid beginning in February 2022. Under his reading, he had no obligation to pay $40,000 of the sanctions award. Alternatively, he claimed he owed at most an additional $73,824.91.

In his motion, Mireskandari also presented argument on a number of his affirmative defenses, including waiver. He argued that Jinsun had waived any entitlement to be paid $40,000 of the sanctions award during the first two years after the Initial Payment Date because Jinsun had accepted without objection two years' worth of monthly payments that did not include any portion of the sanctions award. According to Mireskandari, it was impossible to include any part of the sanctions

---

[3] Jinsun asserts that, as of the date Jinsun filed its appellate brief, the remaining balance owed under the original judgment was $151,772.83.

4

award portion of the Settlement Amount in the first two years of installment payments because the final amount of the sanctions, being on appeal, was not known and was subject to reduction or reversal.

Jinsun filed its own summary-judgment motion on its competing declaratory judgment claim, asserting that Mireskandari breached the settlement agreement by failing to timely pay the settlement amount. Jinsun argued that Mireskandari was required to pay $340,000 over the first two years after the Initial Payment Date. Because Mireskandari paid only $300,000 over that period, and nothing afterward, Jinsun argued that it was entitled to treat the settlement agreement as repudiated and recover under the original judgment and sanctions award. Jinsun also responded to Mireskandari's arguments on his affirmative defenses.

The trial court granted Mireskandari's motion, denied Jinsun's motion, and signed a summary judgment in Mireskandari's favor ordering that Jinsun take nothing on its counterclaim and declaring that Mireskandari owed Jinsun only $33,824.91 under the terms of the settlement agreement. The trial court's order authorized Mireskandari to file an application for attorney's fees pursuant to the Declaratory Judgment Act. The trial court signed a subsequent order awarding Mireskandari $60,742.50 in attorney's fees (offset by the $33,824 the court had previously decreed he owed to Jinsun), as well as conditional appellate attorney's fees. With the signing of the attorney fee order, the trial court disposed of all claims of all parties. Jinsun timely appealed.

## Analysis

Jinsun contends the trial court erred in granting Mireskandari's summary-judgment motion, in denying its competing motion, and in awarding attorney's fees to Mireskandari. We address Jinsun's first two issues together.

5

## A. Summary Judgment in Mireskandari's Favor

We do not reach the merits of Jinsun's first two issues because it has not challenged all grounds presented in Mireskandari's summary-judgment motion. The summary judgment in Mireskandari's favor states that Mireskandari owes Jinsun $33,824.91, but it articulates no rationale for the ruling. When, as here, a summary-judgment motion asserts multiple grounds and the order granting summary judgment does not specify the ground on which judgment was rendered, the appellant must challenge and negate all summary-judgment grounds on appeal. *Collins v. D.R. Horton-Tex. Ltd.*, 574 S.W.3d 39, 44 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000). If summary judgment may have been rendered, properly or improperly, on a ground not challenged on appeal, the judgment must be affirmed. *Jackson v. Patten Law Firm*, No. 14-19-00376-CV, 2020 WL 4098402, at *2 (Tex. App.—Houston [14th Dist.] July 21, 2020, no pet.) (mem. op); *Collins*, 574 S.W.3d at 44; *see Lujan v. Navistar, Inc.*, No. 14-14-00345-CV, 2021 WL 56184, at *3 (Tex. App.—Houston [14th Dist.] Jan. 7, 2021, pet. denied) (mem. op.); *Heritage Gulf Coast Props.*, 416 S.W.3d at 653.

We focus on Mireskandari's waiver argument. Waiver is an affirmative defense, which he pleaded. *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.). A party who has raised an affirmative defense and moves for summary judgment on that basis bears the burden of proving each essential element of the defense. *Nat'l City Bank of Indiana v. Ortiz*, 401 S.W.3d 867, 874 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *see Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012). In his summary-

judgment motion, Mireskandari argued that he owed Jinsun only $33,824.91 for multiple reasons. One reason was because Jinsun had waived its pleaded assertion that $40,000 of the sanctions award was supposed to have been paid along with the $300,000 payable within the first two years after the Initial Payment Date.

In its opening appellate brief, Jinsun makes no mention of Mireskandari's waiver ground asserted in his summary-judgment motion. Jinsun argues only that the trial court interpreted the settlement agreement's terms incorrectly. Even construing Jinsun's brief liberally, we cannot conclude that it has challenged each ground on which the trial court may have granted Mireskandari's summary-judgment motion, whether properly or improperly. Thus, we must affirm the judgment. *Collins*, 574 S.W.3d at 44; *Heritage Gulf Coast Props.*, 416 S.W.3d at 653-54 (affirming summary judgment when appellant failed to challenge waiver ground on appeal).

Jinsun addresses Mireskandari's affirmative defenses in its reply brief. We generally do not consider issues raised for the first time in a reply brief and decline to do so here. *See Collins*, 574 S.W.3d at 44; *HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 812 n.10 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 672 n.5 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

We overrule Jinsun's first and second issues.

B.    **Attorney's Fees**

In Jinsun's third issue, it contends the trial court erred in awarding attorney's fees to Mireskandari. Because the fees were awarded apart from the summary judgment on his declaratory judgment claim, we address this issue separately.

7

The first half of Jinsun's argument rests on its assertion that the declaration and grant of summary judgment in Mireskandari's favor constitute reversible error. But because we have overruled Jinsun's first two issues challenging the summary judgment, this portion of its argument does not provide a basis to reverse the attorney's fee award.

In another part of its issue, Jinsun argues that we should partially reverse the fee award because Mireskandari's application for contingent appellate fees failed to set forth the anticipated work on appeal to support the amounts requested, failed to establish that the amounts were reasonable, and failed to provide any evidence that counsel was qualified to proffer such an opinion.

In support of the request for conditional appellate attorney's fees, Mireskandari's counsel filed a declaration, which stated in relevant part:

- "In the event that Defendant Jinsun, LLC appeals this matter to the Court of Appeals, Plaintiff Alidad Mireskandari will incur additional legal expenses in excess of $60,000."
- "In the event that Defendant Jinsun, LLC appeals this matter to the Texas Supreme Court, I estimate that Plaintiff Alidad Mireskandari will incur additional legal expenses in excess of $40,000."
- "In the event that the Texas Supreme Court requests full briefing, estimate that Plaintiff will incur additional legal expenses in excess of $40,000 and, if oral argument is requested, an additional $35,000."

The trial court's order granting Mireskandari conditional attorney's fees on appeal ordered that Mireskandari would recover: (1) an additional $60,000 if he prevails in defending an appeal to the court of appeals; (2) an additional $40,000 if he should "prevail in defending an appeal to the Texas Supreme Court"; (3) an additional $40,000 if the supreme court requests full briefing; and (4) an additional $35,000 if "oral argument is requested."

8

A trial court may award conditional appellate attorney's fees to a party. These are "essentially an award of fees that have not yet been incurred and that the party is not entitled to recover unless and until the appeal is resolved in that party's favor." *Ventling v. Johnson*, 466 S.W.3d 143, 156 (Tex. 2015). Although the Supreme Court strongly favors the lodestar method for shifting attorney's fees,[4] that method does not apply for conditional appellate attorney's fees that have not yet been incurred and can only be projected based on an expert's opinion testimony. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020). This is so because when a trial court awards such conditional appellate attorney's fees, "any appeal is still hypothetical." *Id.* "There is no certainty regarding who will represent the appellee in the appellate courts, what counsel's hourly rate(s) will be, or what services will be necessary to ensure appropriate representation in light of the issues the appellant chooses to raise." *Id.* Nonetheless, the party seeking conditional appellate attorney's fees must support the fee request with expert testimony "about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Id.*

Although Mireskandari's counsel testified about the amount and reasonableness of attorney's fees for work that had already been incurred, counsel did not provide any statements regarding his opinion of a reasonable appellate fee to be charged or the required services necessary to defend an appeal. Counsel's declaration contains no statement or testimony that the amount of legal "expenses" he estimates for each stage of appeal described are reasonable. The declaration does

---

[4] *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496 (Tex. 2019). The lodestar method requires the fact finder to derive reasonable attorney's fees by first determining the reasonable hours spent by counsel in the case and the reasonable hourly rate for counsel's work. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). The fact finder then multiplies the number of hours counsel worked on the case by the applicable rate, the product of which is the base fee or lodestar. *Id.*

not distinguish between attorney's fees and expenses, which are different. Nor does the declaration describe any relevant appellate experience by counsel that could form a basis for an assertion that the estimated amounts are reasonable for an appeal of this type of case. Accordingly, the evidence is insufficient to support the award of conditional appellate attorney's fees. *See id.*; *see also Davenport v. Davenport*, No. 01-15-01031-CV, 2016 WL 7011406, at *8 (Tex. App.—Houston [1st Dist.] Dec. 1, 2016, no pet.) (mem. op.) (modifying judgment to delete portion granting conditional appellate attorney's fees when there was no evidence to support them); *Assoun v. Gustafson*, 493 S.W.3d 156, 168 (Tex. App.—Dallas 2016, pet. denied) (testimony failed to include opinion of what a reasonable attorney's fee would be for the services that would be necessary in the event of appeal; appellate fee award reversed).

We sustain in part Jinsun's third issue. We remand the case to the trial court for further proceeding limited to redetermining reasonable and necessary attorney's fees on appeal. *See* Tex. Civ. Prac. & Rem. Code § 37.009; *Milliken v. Turoff*, No. 14-19-00761-CV, 2021 WL 2156224, at *3 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet.) (mem. op.).

## Conclusion

We affirm in part the trial court's judgment declaring that Mireskandari owes Jinsun $33,824.91 and ordering that Jinsun take nothing on its counterclaim. However, we reverse in part the trial court's order granting Mireskandari conditional

appellate attorney's fees, and we remand for further consideration of that issue consistent with this opinion.

/s/    Kevin Jewell
         Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.